**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**            **CASE NO. 1:06MC097**
**EX REL. GIRISH PARIKH.**                   **(DLOTT, J.)**
     **PLAINTIFF/RELATOR**                 **(HOGAN, M.J.)**

     **V.**

**PREMERA BLUE CROSS,**
     **DEFENDANT/RESPONDENT**

**ORDER**

Before the Court are Plaintiff's Motion to Compel Production of Documents (Doc. 1), PricewaterhouseCoopers' Memorandum in Opposition (Doc. 4) and Plaintiff's Reply (Doc. 8). This Motion concerns a False Claims Act case pending before a District Court in the Western District of Washington. It was represented by counsel for Plaintiff that the discovery deadline was January 22, 2007 and that the case is set for trial in May, 2007.

**BACKGROUND INFORMATION**

PricewaterhouseCoopers (PwC) is a national accounting firm with offices in several states, including Cincinnati, Ohio. PwC was hired by Defendant Premera Blue Cross (Premera) to audit its receipt of Medicare payments. The District Court, where the case is pending, has determined that Defendant's actions, as they relate to the payment of claims by commercial insurers and by Medicare, are discoverable and the PwC's audits and reports to Defendant are not subject to either attorney-client or work product protection. In November, 2006, Plaintiff issued a subpoena, directed to PwC's managing partner in Cincinnati, and requested the production of all e-mails between PwC and Defendant. The subpoena had a listed deadline in late November. Some documents have been transmitted since, but all documents have not been produced. Thus, Plaintiff found the need to file the Motion to Compel.

**OPINION**

Defendant argues that Plaintiff's subpoena should have been directed to PwC's office in Seattle, where the case is pending, or directed toward the Tampa office where Defendant has retained counsel. Plaintiff's response is to assert ignorance that Defendant had a Seattle office and to argue that even if Plaintiff did know of the Seattle office, Plaintiff is not obligated to direct its subpoena to the place most convenient to Defendant. Other than the forum non conveniens argument, defendant does not dispute that it has been lawfully subpoenaed. Thus, we cannot deny Plaintiff's Motion to Compel on the basis of an inconvenient forum.

Defendant's next argument is that it is being unfairly burdened by Plaintiff's dilatory tactics in serving the subpoena at the "11th hour." The argument is feckless. Time should be measured not in reference to the trial date, but to the date that the subpoena was served. We find a multi-month period to be adequate time to respond to a discovery overture. However, the Court must consider that PwC is not a party to this litigation and has represented that it did produce, to the satisfaction of the Government at least, un-archived and accessible electronic data and that it did attempt to locate additional e-mails from the individual employees responsible for the audit. We understand that production satisfactory to the Government is not necessarily satisfactory to the qui tam Plaintiff, but such level of disclosure does establish at least a reasonable standard of production for a non-party.

Plaintiff complains about gaps in the bates-stamped documents, but Defendant explains that the gaps are not the result of a privilege assertion, but that the intervening documents are simply not covered by the subpoena. If PwC has not disclosed material subject to Defendant's claim of privilege, that material can be obtained directly from Defendant in light of the District Court's Order denying the privilege designation and compared to PwC's disclosures.

Our problem with PwC's response is that it asserts that the cost or retrieval of the disputed e-mails is burdensome, but does not provide us with any standard by which to measure or assess the burden. We understand that PwC has and will produce e-mails that are not archived and are otherwise available and we infer that the cost of retrieving archived e-mails would be considerable. Nevertheless, if PwC, as stated in its Memorandum in Opposition, "is preparing to produce *some* of Mr. Burrell's e-mails," the implication is that it has retrieved *all* e-mails. Taking PwC at its word then, the cost of retrieval has already been assumed and the argument is

over the cost of production.  In this Court's opinion, the cost of production is minimal.

## CONCLUSION

Plaintiff's Motion is granted.  Non-party PwC shall produce the disputed 6,500 e-mails and bill Plaintiff's counsel for the reasonable cost of production.


                          s/Timothy S. Hogan

March 16, 2007                                        _____
                                                  Timothy S. Hogan
                                                  United States Magistrate Judge